**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CR-039 |
| | ) | (Civil Case 08-CV-258-TCK-FHM) |
| PHILLIP BRADLEY POLK, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("§ 2255 Motion") (Doc. 122) and brief in support (Doc. 123); Defendant's Motion to Supplement Case Authorities (Doc. 125); and the Government's response to the § 2255 Motion (Doc. 128).

**I.    Background**

On March 10, 2005, Defendant was charged by Indictment with one count of possession of a firearm and ammunition after former conviction of felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). The Indictment listed four prior felony convictions for Defendant, including a 1976 conviction for Robbery with a Dangerous Weapon (Tulsa County Case No. CF-76-399) and a 1993 conviction for Burglary (Tulsa County Case No. CF-93-107). (*See* Doc. 2.) Julia O'Connell ("O'Connell"), Assistant Federal Public Defender at the time, was appointed to represent Defendant on April 6, 2005. (*See* Doc. 10.) Thereafter, on June 6, 2005, O'Connell sought permission from the Court to withdraw as counsel of record due to schedule limitations and noted that Defendant was "potentially an Armed Career Criminal." (Doc. 18 at 2.) At O'Connell's recommendation, the Court then appointed Stephen J. Knorr ("Knorr") to represent Defendant. On July 14, 2005, Knorr filed a motion to withdraw as counsel and/or for a hearing because Defendant refused to discuss the

case with him.  (*See* Doc. 25.)  After holding a hearing on the motion, the Court denied Knorr's request based on Defendant's representation that he was satisfied with Knorr.  (*See* Doc. 33.)

Defendant was ordered detained on August 4, 2005.  Thereafter, on October 12, 2005, the Government filed a Notice of Impeachment by Evidence of Prior Conviction ("Notice"), wherein it gave notice that it intended to offer "for impeachment by evidence conviction of other crimes . . . if [D]efendant testifies."  (Doc. 51 at 1.)  The Notice listed nine (9) prior convictions of Defendant, including the following violent felonies: (1) "Burglary Second Degree, District Court of Washington County, Oklahoma, Case No. 71-302, on April 25, 1973"; (2) "Burglary Second, District Court of Tulsa County, Oklahoma, Case No. CRF-73-62, on November 29, 1973"; (3) "Robbery with Firearms, District Court of Tulsa County, Oklahoma, Case No. CRF-76-399, on May 26, 1976"; and (4) Burglary, District Court of Tulsa County, Oklahoma Case No. CF-93-107, on August 13, 1993." (*Id.* at 1-2.)  Defendant did not file any sort of objection to the Notice contending that he was not the individual convicted of these crimes.

Knorr again moved to withdraw as Defendant's counsel on February 10, 2006, stating that Defendant "had refused to visit with [him] . . . [and] had stated that [Knorr] was no longer his attorney and that he had a new attorney[.]"  (Doc. 71 at 2.)  Knorr additionally noted that Defendant was "potentially facing a sentence under the terms of the Armed Career Criminal Act ["ACCA"]." (*Id.*)  The Court held a hearing on Knorr's motion, permitted Knorr to withdraw, and appointed James Fatigante ("Fatigante") to represent Defendant.

On April 17, 2006, Defendant pled guilty to the Indictment.  (Doc. 89.)  During the plea colloquy, Defendant admitted to his prior convictions for robbery with firearms in Case No. CF-76-399 and burglary in Case No. CF-93-107.  Three days later, on April 20, 2006, Defendant wrote to

the Court and stated that Fatigante had convinced him to plead guilty "to a crime that [he was] not guilty of." (Doc. 92 at 1.) Fatigante thereafter moved to withdraw as counsel for Defendant, citing Defendant's letter as the basis for his request. On May 4, 2006, the Court granted Fatigante's motion and appointed Steven Hightower ("Hightower") to represent Defendant. Defendant filed a pro se motion to withdraw his guilty plea on May 19, 2006, which was denied by the Court after holding a hearing on said motion.

A Presentence Investigation Report ("PSR") was prepared in advance of sentencing, which concluded that Defendant was subject to sentencing under the ACCA because he had at least three prior crimes of violence that had occurred on different occasions. Specifically, the PSR listed the following convictions:

> Burglary Second Degree, Washington County, Oklahoma, District Court Case Number CRF-71-302; Burglary Second Degree, Tulsa County, Oklahoma, District Court Case Number CRF-73-62; Robbery with Firearms, After Former Conviction of a Felony, Tulsa County, Oklahoma, District Court Case Number CRF-76-399; Burglary Second Degree, Tulsa County, Oklahoma, Case Number CRF-86-1968; and Burglary Second Degree, Tulsa County, Oklahoma, Case Number CRF-93-107.

(PSR at ¶ 22.) Because Defendant was subject to the ACCA, his offense level was raised to 33, resulting in a guideline range of 210 to 262 months. (*Id.* at ¶ 66.) Defendant filed objections to the PSR, arguing that his burglary convictions did not quality as violent felonies under the ACCA. (*See* Doc. 102.) Defendant did not argue, however, that he was not the individual convicted of such offenses. The Government responded to Defendant's objections on July 20, 2006 and attached the charging documents for three of Defendant's burglary convictions thereto.

Defendant was sentenced by this Court on August 1, 2006. At the sentencing hearing, Hightower reiterated the argument made in the written objections to the PSR, contending that the second-degree burglary charges did not constitute violent felonies under the ACCA. Hightower did

not, however, make any argument that Defendant was not the individual who had accrued the prior convictions listed in the PSR. Nor did Defendant challenge the prior convictions on such a basis when he addressed the Court during the hearing. The Court found that Defendant's prior convictions constituted violent felonies under the ACCA and sentenced him to 210 months imprisonment.

Defendant thereafter appealed his sentence, again arguing that his second-degree burglary convictions did not qualify as violent felonies under the ACCA. The Tenth Circuit rejected Defendant's position and affirmed this Court's application of the ACCA. *See United States v. Polk*, 229 Fed. App'x 776 (10th Cir. 2007). Defendant then filed the instant § 2255 Motion, alleging that he received ineffective assistance of counsel because counsel failed to challenge the Government's proof that Defendant was the person named in the prior convictions underlying the application of the ACCA.

## II.  Motion to Supplement Case Authorities

In his motion to supplement case authorities, Defendant seeks to supplement his § 2255 Motion with case citations to *United States v. Mims*, No. 05-20079-JWL, 2008 WL 2811965 (D. Kan. July 18, 2008) and *United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006). For good cause shown, the Court grants Defendant's motion to supplement and considered such authorities in ruling on Defendant's § 2255 Motion.

## III.  Ineffective Assistance of Counsel Standard

To show ineffective assistance of counsel, the defendant must show both that counsel's representation was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir.

4

2011). Deficient performance is demonstrated by showing that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. In order to show prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. The court need not analyze both the performance and prejudice prongs of *Strickland*, however, if the defendant "fails to make a sufficient showing of one." *See United States v. Hollis*, 552 F.3d 1191, 1194 (10th Cir. 2009) (citing *Boltz v. Mullin*, 415 F. 3d 1215, 1222 (10th Cir. 2005)).

### IV.  Analysis of Ineffective Assistance of Counsel Claim

In support of his § 2255 Motion, Defendant argues that he told counsel that "it was not he ([Defendant]) named in the prior convictions" and that counsel was ineffective in failing to raise this issue before the Court. (Mem. in Supp. of § 2255 Mot. 7.) Defendant further contends that "had counsel acted on the information given him by [Defendant] (that [Defendant] was not one and the same person named in the prior convictions), he would have, more likely than not, discovered evidence that a mistake had been made, and would have been able to present mitigating evidence supporting [Defendant's] position." (*Id.* 8.)

The Court rejects Defendant's ground for relief. First, Defendant fails to provide any factual support or argument for his assertion that he was not the individual convicted of the prior convictions included in the PSR. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting various grounds for ineffective assistance of counsel claim when the defendant's allegations "[were] merely conclusory in nature and without supporting factual averments"). Second, even assuming that counsel's failure to raise the issue identified by Defendant amounts to

5

deficient performance, Plaintiff is unable to demonstrate that the deficient performance was prejudicial due to the evidence linking Plaintiff to the prior convictions.

Specifically, the record reflects ample evidence tying Plaintiff to the relevant prior convictions, including Plaintiff's own admission, made during the plea colloquy, that he was involved in the robbery with firearms in Case No. CF-76-399 and the burglary in Case No. CF-93-107. (*See* Change of Plea Tr. 12-13.) The Government also provided a penitentiary packet from the Oklahoma Department of Corrections containing records regarding four of the prior convictions relevant to this case – namely (1) Burglary Second Degree, Tulsa County, Oklahoma, Case Number CRF-93-107; (2) Robbery with Firearms, After Former Conviction of a Felony, Tulsa County, Oklahoma, District Court Case Number CRF-76-399; (3) Burglary Second Degree, Tulsa County, Oklahoma, District Court Case Number CRF-73-62; and (4) Burglary Second Degree, Washington County, Oklahoma, District Court Case Number CRF-71-302. (*See* Doc. 129.) These records include various judgments and certificates of parole, a fingerprint card, certificate of release, final disposition report, and consolidated record card, all of which include photographs of Defendant, his full name, date of birth, and/or social security number. Given the amount of data linking Defendant to the prior convictions, the Court finds Plaintiff cannot show that, but for counsel's failure to argue that it was not Defendant who was convicted of the prior offenses, the result of Defendant's proceedings would have been different. The Court therefore finds Defendant's ineffective assistance of counsel claim without merit and denies the § 2255 Motion on such a basis.

## V.  Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**VI.     Conclusion**

For the reasons stated herein, Defendant's Motion to Supplement Case Authorities (Doc. 125) is GRANTED and Defendant's § 2255 motion (Doc. 122) is DENIED. A certificate of appealability is denied.

**DATED THIS 3rd day of August, 2011.**

**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**